STATE

v.

Troy JOHNSON.

No. 95–689–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Annie Goldberg, Aaron Weisman, Providence.

Susan B. Iannitelli.

## ORDER

This case came before the court for oral argument October 8, 1996 pursuant to an order directing the defendant to appear and show cause why his appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant appeals from a judgment of conviction entered in the Superior Court of one count of breaking and entering a public building with intent to commit larceny in violation of G.L.1956 § 11–8–4. The trial justice sentenced defendant to five years imprisonment on the charge, and added another four years pursuant to G.L.1956 § 12–19–21, the habitual criminal statute.

Providence police officer Fabio Zuna testified at trial. He stated that while on patrol at about 1 a.m. on June 14, 1994, he and his partner heard voices coming from Central High School (Central). When they alighted from their vehicle to investigate they observed two men exiting from one of Central's windows. One of the men, later identified as defendant, carried a recycling bin. When the officers identified themselves, both suspects fled. Within fifteen seconds the defendant was apprehended. Immediately thereafter, the officers retrieved a computer from the recycling bin that defendant had discarded during his abbreviated flight. A second computer and a microwave oven were also recovered from a nearby car. These items were later identified as the property of Central.

On appeal defendant contends that the jury was improperly instructed that an element of the charged crime is that it must occur "in the nighttime." Prior to his arrest § 11–8–4 had been amended to eliminate this requirement. *See* P.L.1993, ch. 314. The defendant asserts that introducing the time of the offense as an element of the crime

unduly prejudiced him and may have caused the jury to substitute proof that the crime was committed at night for proof of an intent to commit larceny.[1] During trial defendant did not object to the trial justice's instruction or the prosecutor's mention of time as an element of the charged crime.

Generally, this court will not consider an issue raised for the first time on appeal. *State v. Thomas*, 654 A.2d 327, 331 (R.I. 1995). The only exception to this rule is when the error complained of concerns a constitutional right and the error is not harmless. *State v. Burke*, 522 A.2d 725, 731 (R.I.1987). Further, for this court to afford review the record must be sufficiently developed to permit a determination of the issue, and counsel's failure to raise the matter below must have resulted from the novelty of the issue. *Id.*

These conditions are not present here. It can hardly be said that the amending of a statute two years before trial constitutes a novel issue of law such that this court would overlook defense counsel's failure to raise the issue below. Nor can it be claimed that the surplus language in the trial justice's charge to the jury prejudiced the defendant's case. The jury was instructed on each element the state had to prove beyond a reasonable doubt for a conviction pursuant to § 11–8–4, including the breaking and entering of a building with the intent to commit larceny therein. The fact that "in the nighttime" was erroneously included in the trial justice's charge in no way supplanted or diminished any of the offense's required elements. *Cf. State v. Arpin*, 122 R.I. 643, 410 A.2d 1340, 1345 (1980) (erroneously raising the state's burden of proof from clear and convincing to beyond a reasonable doubt in determining whether the jury can consider the defendant's inculpatory statements did not prejudice the defense).

For the reasons stated, the defendant's appeal is denied and dismissed. The papers in the case may be remanded to the Superior Court.

---

1. The defendant asserts that the element of "in the nighttime" was referred to in the charge to the jury, the prosecutor's summation, the judgment of conviction and during sentencing.